1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11

ANDRE L. REVIS,

Case No.  1:22-cv-01189-JLT-BAM (PC)

12

Plaintiff,

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM

13

v.

14

MOORE, *et al.*,

(ECF No. 13)

15

Defendants.

**FOURTEEN (14) DAY DEADLINE**

16

17      Plaintiff Andre L. Revis ("Plaintiff") is a state prisoner proceeding *pro se* in this civil

18 rights action under 42 U.S.C. § 1983.  Plaintiff paid the filing fee on November 1, 2022.  The

19 Court screened Plaintiff's first amended complaint, and Plaintiff was granted leave to amend.

20 Plaintiff's second amended complaint, filed on February 27, 2023, is currently before the Court

21 for screening.  (ECF No. 13.)

22      **I.      Screening Requirement and Standard**

23      The Court is required to screen complaints brought by prisoners seeking relief against a

24 governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C.

25 § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous

26 or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary

27 relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b).

28      A complaint must contain "a short and plain statement of the claim showing that the

1

1    pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not

2    required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

3    conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

4    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  While a plaintiff's allegations are taken as

5    true, courts "are not required to indulge unwarranted inferences."  *Doe I v. Wal-Mart Stores, Inc.*,

6    572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

7           To survive screening, Plaintiff's claims must be facially plausible, which requires

8    sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable

9    for the misconduct alleged.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret*

10   *Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully

11   is not sufficient, and mere consistency with liability falls short of satisfying the plausibility

12   standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

13          **II.     Plaintiff's Allegations**

14          Plaintiff is currently housed at Kern Valley State Prison in Delano, CA.  Plaintiff alleges

15   the events in the second amended complaint occurred while Plaintiff was housed at California

16   Substance Abuse and Treatment Facility ("SATF") in Corcoran, California.  Plaintiff names as

17   defendants: (1) Jason Moore, Prison Facility Community Resources Manager, (2) David Alvarez,

18   Prison Facility Protestant/Christian Chaplain, (3) R. Guembe, Prison Facility Catholic Chaplain,

19   (4) Rabbi Paul Shleffer, and (5) Stu Sherman, Warden.  Defendants are sued in their official and

20   individual capacities.

21          In claim 1, Plaintiff alleges that Defendants Shleffer, Guembe, Alvarez, Moore and

22   Sherman denied Plaintiff's right to participate in the Kosher meal program in accordance with his

23   religious practices.[1]  On a number of occasions, Plaintiff submitted religious diet program request

24   forms, Form 22, dating as far back as March 7, 2016 requesting an interview and they were never

25

26   [1] In Plaintiff's prior case *Revis v. Sherman*, Case No. 1:19-cv-0034 ADA SKO, the claims and
     defendants were the same as those in this current case.  In dismissing the prior case, "Plaintiff
27   [was] advised that he may file a new and separate action with payment of the required filing fee
     should he wish to pursue his claims." (Doc. 53, *Revis v. Sherman*, Case No. 1:19-cv-0034 ADA
28   SKO.)

1

2

3

4

5

6

7

8

9

replied to by any of the prison officials.  Plaintiff filed an inmate 602 appeal grievance, SATF-C-16-2315, in which Plaintiff was denied participation at the first level of appeal in responses by Defendant Guembe. Defendant Guembe had conducted the CDCR 3030 Religious diet program interview on August 31, 2016.  She entered a decision in which she denied Plaintiff's application because Plaintiff's religious preference conflicted with her religious denomination in a number of ways "being that Plaintiff is a Hebrew Israelite."  This was followed by a number of CDCR Form 695's generated by appeals coordinator J. Corral. (Plaintiff lists his appeal log numbers, see ECF No. 13 p. 4.) There was no penological purpose due to the personal bias of the appointed prison official overseeing this religious matter.

10

11

12

13

14

15

16

17

18

19

Plaintiff continued to address the reasons for denial of a kosher certified diet program for inmates who must adhere to Kosher laws for religious and spiritual requirements.  Defendant Rabbi Shleffer, the contracted prison institution facility Jewish chaplain, interviewed Plaintiff over the telephone on January 26, 2016 and denied Plaintiff the ethical standards to participate in the Kosher meal program.  Plaintiff filed another 602 appeal to attempt to rectify the mistake in appeal log SATF-C-16-00844.  It was rejected on March 2, 2016 before a consultation was granted with the prison institution facility community resource manager, Defendant J. Moore, who deceived Plaintiff into withdrawing the inmate appeal grievance on May 6, 2016.  Defendant J. Moore had made a concession to make the necessary correction for Plaintiff to receive a Kosher diet and be placed on the Kosher diet religious program list.  He never kept his promise.

20

21

22

23

24

25

26

Plaintiff submitted another religious diet request on September 20, 2017 and was interviewed, and again denied participation in the Kosher diet program on October 18, 2017 by both Defendant D. Alvarez and J. Moore.  They denied Plaintiff's request for insufficient evidence provided by Plaintiff.  Plaintiff appealed the denial was supported by J. Dominguez, M. Voong, K. Hoffman, J. Corral, D. Alvarez, R. Guembe, J. Moore, Rabii Shleffar and S. Sherman. All participated in the decision to deny Plaintiff's religious freedom to practice biblical terminology in accordance with the Religious Land Use and Institutionalized Person Act.

27

28

Plaintiff alleges that these acts and omissions prohibited his free exercise of religion. Plaintiff asserts that Defendants R. Guembe, D. Alvarez, Rabbi Paul Shleffar, and J. Moore acts

1    and omissions forced "Plaintiff to act contrary to his religious beliefs and practices and exerted

2    substantial pressure on Plaintiff to modify his behavior, eating habits and practices that are not in

3    accordance with Hebrew Israelite's customs/beliefs."  Plaintiff alleges that Defendants R.

4    Guembe, D. Alvarez, Rabbi Paul Shleffar, and J. Moore acts did not serve a legitimate

5    penological interest.

6         As remedies, Plaintiff seeks a certificate of approval of the Kosher diet meal plan,

7    compensatory and money damages.

8         **III.    Discussion**

9         Plaintiff's complaint fails to comply with Federal Rules of Civil Procedure 8 and fails to

10   state a cognizable claim under 42 U.S.C. § 1983.

11        **A.    Federal Rule of Civil Procedure 8**

12        Pursuant to Rule 8, a complaint must contain "a short and plain statement of the claim

13   showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  Detailed factual allegations

14   are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

15   conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citation omitted).  Plaintiff must

16   set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

17   its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  While factual allegations

18   are accepted as true, legal conclusions are not.  *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*,

19   572 F.3d at 969.

20        Here, Plaintiff's complaint is short, but it is not a plain statement of his claims showing

21   that he is entitled to relief.  As in the first amended complaint, Plaintiff's allegations remain

22   conclusory and do not state what happened, when it happened, or which defendant was involved.

23   General assertions regarding Plaintiff's appeals are not sufficient, and Plaintiff may not merely

24   state the elements of a cause of action without providing any factual allegations in support of his

25   claims. Plaintiff was informed that how his appeals were processed is not a protected

26   constitutional right.  Conclusory allegations that he was forced to "modify his behavior" or

27   "eating habits and practices" are not factual allegations.  Plaintiff has been unable to cure this

28   deficiency.

### B.      Supervisory Liability

To the extent Plaintiff seeks to hold Warden Sherman, or any defendant, liable based solely upon their supervisory role, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). "A supervisor may be liable only if (1) he or she is personally involved in the constitutional deprivation, or (2) there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Crowley v. Bannister*, 734 F.3d 967, 977 (9th Cir. 2013) (citation and quotation marks omitted); *accord Lemire v. Cal. Dep't of Corrs. & Rehab.*, 726 F.3d 1062, 1074–75 (9th Cir. 2013); *Lacey v. Maricopa Cty.*, 693 F.3d 896, 915–16 (9th Cir. 2012) (en banc). "Under the latter theory, supervisory liability exists even without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of a constitutional violation." Crowley, 734 F.3d at 977 (citing *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989)) (internal quotation marks omitted).

Plaintiff fails to allege what Warden Sherman did or did not do which denied Plaintiff Kosher meals.  Plaintiff merely alleges that Defendant Sherman participated "in one way or another" to deny Plaintiff Kosher food.  (ECF No. 13 p. 6.) A supervisor is not liable under a respondeat superior theory.

### C.      First Amendment Free Exercise of Religion

A plaintiff asserting a free exercise claim must show that the defendant's actions substantially burden his practice of religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden ... place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (internal quotation marks and citations omitted). "[A] prison policy that intentionally puts significant pressure on inmates ... to abandon their religious beliefs ... imposes a substantial burden on [the

1  inmate's] religious practice." *Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (internal

2  quotation marks and citation omitted).  However, the court has also recognized that limitations on

3  a prisoner's free exercise rights arise from both the fact of incarceration and valid penological

4  objectives. *See McElyea v. Babbit*, 833 F.2d 196, 197 (9th Cir. 1987).  For instance, under the

5  First Amendment, the penological interest in a simplified food service has been held sufficient to

6  allow a prison to provide orthodox Jewish inmates with a pork-free diet instead of a completely

7  kosher diet. *See Ward v. Walsh*, 1 F.3d 873, 877-79 (9th Cir. 1993).

8          Courts have held that, where a plaintiff establishes that his need for a Kosher diet is a

9  sincerely held religious belief, denial of the diet is a substantial burden to his religious practice.

10 *See Shakur*, 514 F.3d at 885 (finding that prison's failure to provide kosher meals to Muslim

11 prisoner violated the Free Exercise clause); *White v. Linderman*, No. 11-cv-8152, 2013 WL

12 4496364, at *6 (D. Ariz. Aug. 22, 2013).  Prisoners have a right to be provided with food

13 sufficient to sustain them in good health and which satisfies the dietary laws of their religion. *See*

14 *McElyea v. Babbit*, 833 F.2d at 198.

15         To state a claim under the Free Exercise Clause, an inmate must plausibly allege that a

16 prison official's actions (a) "substantially burden[ed]" the inmate's exercise of a sincerely-held

17 religious belief; and (b) did so in an unreasonable manner—i.e., the official's actions were not

18 "rationally related to legitimate penological interests." *See O'Lone v. Estate of Shabazz*, 482 U.S.

19 342, 348-50 (1987); *Jones v. Williams*, 791 F.3d 1023, 1031, 1033 (9th Cir. 2015); *see Haynes v.*

20 *Orel*, No. 2:19-CV-1988 AC, 2021 WL 4355431, at *2 (E.D. Cal. Sept. 24, 2021).

21         Plaintiff fails to set forth sufficient facts to support his free exercise of religion claim.

22 Plaintiff merely contends that his requests for a religious Kosher diet were denied. Plaintiff does

23 not allege that he was induced to consume foods that violated his sincerely held religious beliefs.

24 Plaintiff does not plead facts plausibly showing that any non-program foods were violative by

25 Plaintiff's sincerely held religious beliefs. Plaintiff was advised in the Court's screening order that

26 he must provide facts that show that the denial of the Kosher diet substantially pressures him to

27 violate or abandon his religious beliefs.  Plaintiff has failed to allege facts establishing that the

28 Defendants substantially burdened the practice of his religion by preventing him from engaging in

6

conduct mandated by his faith. Plaintiff has not plausibly alleged how Defendants have placed a substantial burden on his religious exercise, and how, if at all, the conduct alleged "prevented him from fulfilling the commandments" of his religion.  At most, the factual allegations allege that he is an Israelite and wanted Kosher meals.

Plaintiff's conclusory allegations state that "Defendants R. Guembe, D. Alvarez, Rabbi Paul Shleffar, and J. Moore acts and omissions forced Plaintiff to act contrary to his religious beliefs and practices and exerted substantial pressure on Plaintiff to modify his behavior, eating habits and practices that are not in accordance with Hebrew Israelite's customs and beliefs."  This formulistic recitation of the elements is insufficient to support a claim, absent any factual allegations. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

Moreover, there are no allegations that Plaintiff has been unable to sustain good health with food that satisfied the dietary restriction of his religion.  In the religious diet context, incarcerated persons "have the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion." *McElyea*, 833 F.2d at 198.  The First Amendment does not guarantee plaintiff's right to obtain any desired food that fits his beliefs. *See Gumienny v. McDowell*, 2018 WL 6113084, at *5 (C.D. Cal. 2018) ("Although Plaintiff states that he can eat chicken under his religious tenets and sometimes chooses to do so, he has not demonstrated that consuming a diet that lacks chicken forces him to violate his sincerely held religious beliefs.")  Plaintiff has been unable to cure this deficiency.

**D.    RLUIPA**

A prisoner's ability to freely exercise his religion is also protected by the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, ... unless the government demonstrates that imposition of the burden on that person ... is in furtherance of a compelling governmental interest ... and is the least restrictive means of furthering that ... interest." 42 U.S.C.A. § 2000cc-1(a). "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious

1    belief.' " *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013);

2    42 U.S.C. § 2000cc-5(7).

3         As with the First Amendment, under the RLUIPA, the government imposes a "substantial

4    burden" on a prisoner when it puts "substantial pressure on [him] to modify his behavior and to

5    violate his beliefs." *Hartmann*, 707 F.3d at 1125 (citation omitted). RLUIPA is more protective

6    than the First Amendment, in that the availability of alternative means of practicing religion is

7    irrelevant to whether the Act has been violated. *See Holt v. Hobbs*, 135 S. Ct. at 862. With

8    RLUIPA, the " 'substantial burden' inquiry asks whether the government has substantially

9    burdened religious exercise ..., not whether the RLUIPA claimant is able to engage in other forms

10   of religious exercise." *Id.*

11        Money damages are not available under RLUIPA against the state or state officials sued in

12   their official capacities, *Sossamon v. Texas*, 563 U.S. 277, 279 (2011), and RLUIPA does not

13   contemplate liability of government employees in their individual capacity. *Wood v. Yordy*, 753

14   F.3d 899, 904 (9th Cir. 2014). Thus, a RLUIPA claim may proceed only for declaratory or

15   injunctive relief against defendants acting within their official capacities. The proper defendant

16   for a RLUIPA claim is the official who could appropriately respond to a court order on injunctive

17   relief should one ever be issued. See id.

18        Plaintiff does not allege that any Defendant has the authority or power to designate or

19   ensure that Plaintiff receives Kosher food.  However, liberally construing the allegations,

20   defendants Moore, Shleffer, and Sherman appear to have authority to authorize Kosher meals.

21   Nonetheless, Plaintiff has failed to allege facts establishing that the Defendants substantially

22   burdened the practice of his religion by preventing him from engaging in conduct mandated by

23   his faith. Plaintiff has not plausibly alleged how Defendants have placed a substantial burden on

24   his religious exercise, and how, if at all, the conduct alleged "prevented him from fulfilling the

25   commandments" of his religion.  At most, the factual allegations allege that he is an Israelite and

26   wanted Kosher meals.

     **E.    Official Capacity**

27        Claims for damages against the state, its agencies, or its officers for actions performed in

28

8

their official capacities are barred under the Eleventh Amendment, unless the state waives its immunity. *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (Eleventh Amendment bars a damages action against a State in federal court); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). Suits for injunctive relief are also generally barred. *See Nat'l Audubon Soc'y v. Davis*, 307 F.3d 835, 847 (9th Cir. 2002); *Evans v. Diaz*, No. 1:22-CV-00291 ADA BAM PC, 2022 WL 17417816, at *8 (E.D. Cal. Dec. 5, 2022) (Plaintiff may not pursue his claims for monetary damages against Defendant Warden in his official capacity), report and recommendation adopted, No. 1:22-CV-00291 ADA BAM PC, 2023 WL 317287 (E.D. Cal. Jan. 19, 2023). Plaintiff cannot state a claim against the officials in their official capacities.

### F. Processing of Appeals

To the extent Plaintiff is complaining about the appeal process, Plaintiff is informed that he does not have a constitutionally protected right to have his appeals accepted or processed. *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. *See also Givens v. Cal. Dep't of Corrs. & Rehab.*, No. 2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.") Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way. Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right. *See Rushdan v. Gear*, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); *Givens*, 2019 WL 1438068, at *4; *Wright v. Shannon*, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment); *Valles v. Gamboa*, No. 1:22-CV-00355 BAM PC, 2022 WL 1294424, at *3–4 (E.D. Cal. Apr. 29, 2022) (no claim for failure to comply with timely processing requirements).

///

1

### G.  Injunctive Relief

2        Plaintiff is seeking injunctive relief in this action. Federal courts are courts of limited

3   jurisdiction and in considering a request for injunctive relief, the Court is bound by the

4   requirement that as a preliminary matter, it have before it an actual case or controversy. *City of*

5   *Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for*

6   *Separation of Church and State, Inc*., 454 U.S. 464, 471 (1982). If the Court does not have an

7   actual case or controversy before it, it has no power to hear the matter in question. *Id.*

8        Further, requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of

9   the Prison Litigation Reform Act ["PLRA"], which requires that the Court find the "relief

10  [sought] is narrowly drawn, extends no further than necessary to correct the violation of the

11  Federal right, and is the least intrusive means necessary to correct the violation of the Federal

12  right." In cases brought by prisoners involving conditions of confinement, any injunction "must

13  be narrowly drawn, extend no further than necessary to correct the harm the court finds requires

14  preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. §

15  3626(a)(2). Moreover, where, as here, "a plaintiff seeks a mandatory preliminary injunction that

16  goes beyond maintaining the status quo pendente lite, 'courts should be extremely cautious' about

17  issuing a preliminary injunction and should not grant such relief unless the facts and law clearly

18  favor the plaintiff." *Committee of Central American Refugees v. I.N.S*., 795 F.2d 1434, 1441 (9th

19  Cir. 1986), quoting *Martin v. International Olympic Committee*, 740 F.2d 670, 675 (9th Cir.

20  1984).  Any request for injunctive relief may be moot because Plaintiff is no longer housed at

21  SATF.

22  ### IV.     Conclusion and Recommendation

23       For the reasons discussed, the Court finds that Plaintiff has failed to state a cognizable

24  claim for relief.  Despite being provided with the relevant legal standards, Plaintiff has been

25  unable to cure the deficiencies in his complaint.  Further leave to amend is not warranted. *Lopez*

26  *v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

27       Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed for failure

28  to state a cognizable claim upon which relief may be granted.

1    These Findings and Recommendation will be submitted to the United States District Judge

2  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

3  **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

4  objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

5  Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

6  specified time may result in the waiver of the "right to challenge the magistrate's factual

7  findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v.*

8  *Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

9

10  IT IS SO ORDERED.

11    Dated:    **April 5, 2023**              /s/ *Barbara A. McAuliffe*

12                                    UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28