# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE L. REVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MOORE, *et al.*,<br><br>　　　　　Defendants. | No. 1:22-cv-1189 JLT BAM (PC)<br><br>ORDER APOPTING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR FAILURE TO STATE A CLAIM<br><br>(Doc. 14) |

Andre L. Revis asserts that he suffered violations of his civil rights while imprisoned at California Substance Abuse and Treatment Facility in Corcoran, California. The magistrate judge observed that Plaintiff sought to state a claim for free exercise of religion under the First Amendment, and that these rights were also protected by the Religious Land Use and Institutionalized Persons Act. (*See* Doc. 14 at 5-8.) The magistrate judge determined that Plaintiff failed to state a claim in his Second Amended Complaint because he did not "state what happened, when it happened, or which defendant was involved." (*Id.* at 4; *see also id.* at 5-10.) To the extent Plaintiff also challenged the prison appeal process, the magistrate judge found Plaintiff failed to state a constitutional violation based upon the denial of an appeal or grievance. (*Id.* at 9.) Because Plaintiff was previously informed of the applicable legal standards and failed to cure the pleading deficiencies, the magistrate judge found "[f]urther leave to amend is not warranted" and recommended the action be dismissed. (*Id.* at 10-11.)

Plaintiff filed objections to the Findings and Recommendations. (Doc. 19.) In his objections, Plaintiff reiterates many of the same factual allegations that were found insufficient to state a cognizable claim. Plaintiff also explains the circumstances of the dismissal of the prior suit—in which he raised similar claims— for failure to pay the filing fee, *Revis v. Sherman*, Case No. 1;19-cv-00034-ADA-SKO. However, the dismissal of the prior action is unrelated to the determination that the Second Amended Complaint fails to state a cognizable claim. Moreover, the allegations in Plaintiff's objections do not cure the deficiencies identified by the Magistrate Judge.

According to 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including Plaintiff's objections, the Court finds the findings and recommendations to be supported by the record and by proper analysis. As the magistrate judge observed, Plaintiff has been informed of the proper legal standards and failed to cure the identified pleading deficiencies. Therefore, the Court finds further leave to amend is futile. *See, e.g., Zucco Partners, LLC v. Digimarc Corp*., 552 F.3d 981, 1008 (9th Cir. 2009) ("repeated failure to cure deficiencies" supports a conclusion that amendment is futile). Thus, the Court **ORDERS**:

1. The Findings and Recommendations issued on April 5, 2023 (Doc. 14), are **ADOPTED** in full.
2. This action is **DISMISSED** with prejudice for failure to state a cognizable claim upon which relief may be granted.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 24, 2023**

UNITED STATES DISTRICT JUDGE

2